UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

----------------------------------------------------------x
RAMANAND PERSAUD,

                                  Petitioner,

-against-

THE UNITED STATES OF AMERICA,

                                  Respondent.
----------------------------------------------------------x

MEMORANDUM & ORDER

08-CV-4315 (CBA)

AMON, United States District Judge.

Petitioner Ramanand Persaud, who is currently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey, brings this *pro se* petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651(a), and a motion for immediate release on bail pursuant to 18 U.S.C. § 3143(b)(A) and (B)(I). For the reasons discussed below, the petition is hereby dismissed and the motion for bail is denied.

## BACKGROUND

Petitioner was convicted by a jury in this Court on March 19, 2002. United States v. Persaud, No. 01 CR 1342-02 (CBA) (E.D.N.Y.). The Court entered judgment and sentence on November 25, 2002. Petitioner appealed to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on March 15, 2004. United States v. Persaud, 87 Fed. Appx. 214 (2d Cir. 2004). Thereafter, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("§ 2255"), which was denied by this Court on December 28, 2005. Persaud v. United States, No. 04 CV 2862 (CBA) (E.D.N.Y. Dec. 28, 2005).

Since then, Petitioner has filed multiple additional motions seeking to challenge the same conviction and sentence. On September 6, 2006, he filed a "Petitioner Motion for Reduction of

1

Sentence Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure," which the Court denied on December 26, 2006. Persaud v. United States, No. 06 CV 6670 (CBA) (E.D.N.Y. Dec. 26, 2006). A "Petitioner Motion Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure" filed on October 3, 2007 was denied on December 18, 2007. Persaud v. United States, No. 07 CV 4706 (CBA)(E.D.N.Y. Dec. 18, 2007). It seems that petitioner has also challenged this same conviction and sentence by filing petitions in the United States District Court for the District of New Jersey. See Persaud v. Samuels, Civil Action No. 07-3177 (RMB), 2007 WL 2318395 (D.N.J. Aug. 8, 2007) (dismissing the petition for lack of jurisdiction); Persaud v. Grondolsky, Civil Action No. 08-3243 (JBS), 2008 WL 2945986 (D.N.J. July 30, 2008) (same).

The instant petition seeks a writ of *audita querela* challenging his conviction on the grounds of insufficiency of the evidence. Petitioner also moves for immediate release pursuant to 18 U.S.C. § 3143(b)(A) and (B)(i).

## DISCUSSION

The writ of *audita querela* may be available where there is a legal objection to a conviction that is not redressable pursuant to another post-conviction remedy. United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995); Durrani v. United States, 294 F. Supp. 2d 204, 217 (D. Conn. 2003). Thus, the writ is available only to fill any gaps of the federal post-conviction remedial framework. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie.").

In the instant case, not only is there no gap in the post-conviction remedies available to petitioner, but petitioner has already requested relief through the allowable remedies, and has also

2

filed multiple petitions with this Court and others seeking to challenge his 2002 conviction. Here, petitioner argues that there was insufficient evidence to show that he was guilty of importing a controlled substance. This claim challenging the sufficiency of the evidence could have been raised on direct appeal or through a § 2255 petition. A writ of *audita querela* may not be used to circumvent the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996, which limits the availability of a second or successive § 2255 petition. See, e.g., D'Amico v. United States, No. 94 Civ. 3825 (PKL), 2000 WL 686371, at *3-4 (S.D.N.Y. May 26, 2000) (petitioner not entitled to relief under 28 U.S.C. § 1651(a) where his claim under Section 2255 is barred by the successive petition rule). Accordingly, a writ of *audita querela* may not lie, and thus the petition is dismissed.

As there is not "a substantial question of law or fact likely to result in . . . reversal," petitioner does not meet the standard for release on bail pursuant to 18 U.S.C. § 3143(b)(A) and (B)(i).

## CONCLUSION

For the foregoing reasons, the petition for a writ of *audita querela* is dismissed. Petitioner's motion for immediate release pursuant to 18 U.S.C. § 3143(b)(A) and (B)(i) is denied. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                  s/ CBA
                                            CAROL BAGLEY AMON
                                            United States District Judge

Dated: Brooklyn, New York
       November 24, 2008